Case:13-20885-JSD Doc#:27 Filed:02/13/14 Entered:02/13/1

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By ledenfield at 11:18 am, Feb 13, 2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | |
|---|---|
| IN RE: <br><br> ALEX JAMES PRIOR <br><br> Debtor <br><br><br> 1ST FRANKLIN FINANCIAL <br><br> Creditor/Movant <br><br> v. <br><br> ALEX JAMES PRIOR <br><br> Debtor/Respondent | CHAPTER 13 CASE <br> NO. <u>13-20885-JSD</u> |

## **OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION**

This matter came on a hearing on the Objection to Confirmation ("Objection") filed by 1st Franklin Financial ("Bank"). The Debtor's proposed chapter 13 plan provides for the surrender of the Debtor's interest in a set of engagement rings in full satisfaction of Bank's secured claim and proposes to treat the deficiency as a general unsecured claim. Bank objects to the Debtor's plan on the grounds that: 1) the hanging paragraph[1] prohibits the Debtor from valuing the collateral at $0.00; and 2) the Debtor did not have possession or

---

[1] The section in question has been variously referred to by courts as Section 1325(a)(9),Section 1325(a)(*), and as the "hanging paragraph." For purposes of this opinion, I will use "hanging paragraph" in text and § 1325(a)(*) for citations.

control of the collateral and thus could not surrender his interest in the collateral. The Debtor, for his part, maintains that he no longer had possession of the rings at the time of filing; and, therefore, the Bank has a mere general unsecured claim.

I find that the Bank has an unobjected to allowed secured claim that falls within the scope of the hanging paragraph. Therefore, the Debtor's proposed valuation of his interest in the engagement rings at $0.00 does not comply with 11 U.S.C. § 1325. The Bank's claim must be treated as fully secured. Furthermore, the Debtor may not surrender "his interest" in the collateral. Surrender under § 1325(a)(5)(C) requires a debtor to relinquish control or possession of the collateral to the holder of the secured claim. Since the Debtor has neither possession nor control of the engagement rings, this option is foreclosed to him. For these reasons and those that follow, the Bank's objection to confirmation is sustained.

### FINDINGS OF FACT

On February 20, 2013, Alex Prior ("Debtor") purchased a bridal set of engagement rings from Reed Jewelers to give to his fiancée in anticipation of marriage. Reed Jewelers financed the sale pursuant to a retail installment contract and retained a security interest in the rings to secure the unpaid balance purchase price of $1,480.00. Reed Jewelers later validly assigned its rights to Bank.

Prior to filing his chapter 13 petition, the Debtor proposed to his fiancée and gave her the engagement rings. Shortly thereafter, but

still prepetition, the fiancée broke off their engagement and absconded with the rings. She now lives in Michigan. The Debtor has been in touch with her since their estrangement and has asked her multiple times to return the engagement rings. She has repeatedly refused to do so. The Debtor has cooperated with the Bank's attempts to pursue the collateral by providing his ex-fiancée's contact information and last known address.

The Debtor filed for chapter 13 relief on August 9, 2013, less than six months after purchasing the engagement rings. At the time of filing, the outstanding amount due on the rings was $1,184.75. Bank filed a proof of secured claim accordingly. The Debtor's plan now proposes to value the collateral securing the Bank's claim at $0.00 and to surrender any remaining interest of the Debtor to the Bank in satisfaction of its secured claim.

### CONCLUSIONS OF LAW

The retail installment contract at issue was made in Georgia. Therefore, Revised Article 9 of Georgia's Uniform Commercial Code determines the extent and validity of the Bank's security interest. See, e.g., Butner v. United States, 440 U.S. 48, 55 (1979)("Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

The validity of Bank's purchase money security interest ("PMSI") in the rings is not in dispute. Rather, the parties disagree as to the

3

effect of the collateral's possession on the status of Bank's claim in bankruptcy.

Section 11-9-315(a)(1) of the Georgia Code provides in relevant part "[a] security interest . . . continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest . . . ". O.C.G.A. § 11-9-315 (West 2013). The scope of this section is sufficiently broad to include both voluntary and involuntary dispositions. See Altera Cred. Co. v. Ford Motor Cred. Co. (In re Brantley), 286 B.R. 918, 923 (Bankr. S.D. Ga. 2002); In re O'Connor, 280 B.R. 907, 908 (Bankr. S.D. Ala. 2002); In re Gabor, 155 B.R. 391, 393 (Bankr. N.D. W. Va. 1993); In re Elliot, 64 B.R. 429, 430 (Bankr. W.D. Mo. 1986). Thus, the Bank's PMSI in the rings continues regardless of the Debtor's disposition. The Bank is therefore free to pursue its remedies as a secured creditor against the Debtor's former fiancée. See Taylor Rental Corp. v. J.I. Case Co., 749 F.2d 1526, 1529 (11th Cir. 1985).

### Status of Bank's Claim in Bankruptcy

The Bank is the holder of an allowed secured claim. Under the bankruptcy code, a claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a); see also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 7 (2000). In the present case, the Bank has filed a proof of claim without objection. So, while the Debtor's arguments in favor of confirmation may establish a basis for challenging the Bank's secured claim, the Bank's claim is deemed an

4

AO 72A
(Rev. 8/82)

allowed secured claim for the purpose of confirmation. See <u>In re Justice Oaks II, Ltd.</u>, 898 F.2d 1544, 1553 (11th Cir. 1990) (internal citations omitted)("[B]ecause no objection was filed before confirmation of [the] plan, [the] claim should have been deemed an allowed secured claim for purposes of confirmation."); but see <u>In re Elliot</u>, 64 B.R. at 430; 8 Collier on Bankruptcy, ¶ 1325.06[1][a] (16th Ed. 2013) ("If the debtor no longer has the collateral for the claim, the claim cannot be an allowed secured claim.").

Since the Bank's claim is deemed an allowed secured claim, the Court will confirm the Debtor's plan only if it complies with 11 U.S.C. § 1325(a)(5).

> Under that statute, the plan's treatment of an "allowed secured claim" will be confirmed if (1) the creditor accepts the plan [11 U.S.C. § 1325(a)(5)(A)]; (2) the debtor retains the property and makes payments on the claim [11 U.S.C. § 1325(a)(5)(B)]; or (3) the debtor surrenders the property to the creditor [11 U.S.C. § 1325(a)(5)(C)].

<u>In re Barrett</u>, 543 F.3d 1239, 1242 (11th Cir. 2008).

Additionally, if the allowed secured claim falls within the scope of the hanging paragraph, a Debtor may not apply section 506 to determine the status of the creditor's secured claim:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a **purchase money security interest securing the debt that is the subject of the claim**, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or **if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.**

11 U.S.C. § 1325(a)(*)(emphasis added). The hanging paragraph applies when 1) the creditor has a purchase-money security interest in the

5

collateral; 2) the collateral consists of anything of value; and 3) the debt the collateral secures was incurred within one year of the Debtor's filing. If these requirements are satisfied, the allowed secured claim is fixed at the amount of the creditor's claim without resort to the valuation provision mandated by section 506(a). See In re Graupner, 537 F.3d 1295, 1298 (11th Cir. 2008).

In the present case, the parties do not dispute that Bank has a PMSI in the engagement rings. The parties also agree the rings were purchased on March 20, 2013—less than six months before the Debtor filed his chapter 13 petition on August 9, 2013. Therefore, the hanging paragraph prohibits the Debtor's plan from bifurcating the Bank's secured claim and the plan must treat the Bank's claim as fully secured. Accordingly, confirmation of the Debtor's plan is denied.

### Debtor's Surrender

The Debtor's proposed surrender of his "property interest" in the engagement rings likewise fails to meet the requirements of 11 U.S.C. § 1325(a)(5). See In re Register, No. 00-20819, 2001 WL 36390710, *2 (Bankr. S.D. Ga. May 1, 2001). A debtor cannot surrender the debtor's interest in collateral if the debtor is unable to deliver possession or control of the collateral. Based on a strict literal interpretation of the language in § 1325(a)(5)(C), it appears that a debtor providing for surrender must, in fact, surrender the property and not merely the debtor's interest in the property. Id.

The wording of § 1325(a)(5)(C) provides that confirmation may occur if "the debtor surrenders the property securing such claim to

such holder." 11 U.S.C. § 1325(a)(5)(C). Black's Law Dictionary states that to surrender is "to give back, yield, render up, restore, the giving up by a bankrupt of his property to his creditors or their assignees." Black's Law Dictionary 1295 (5th Ed. 1979). By definition, then, surrender requires an affirmative act by the Debtor, more than a mere abandonment of interest.

> The operative phrase in section 1325(a)(5)(C) does not end with the word 'property' but continues with the words 'to such holder,' making it plain that a debtor must at least tender possession or control of the collateral to the creditor, without regard to whether the creditor's consent is a further condition. Merely telling the creditor where it can find the collateral is not a surrender 'to such holder.'

In re Smith, 207 B.R. 26, 30 (Bankr. N.D. Ga. 1997). See also In re Robertson, 72 B.R. 2, 4 (Bankr. D. Colo. 1985)(holding that "surrender" as used in 1325(a)(5) requires return of collateral and relinquishing control to the holder of a claim).

In this case, then, the Debtor's failure to deliver physical possession or control of the engagement rings, despite his good faith efforts to help the Bank find the rings, does not meet the minimum requirements set forth in 11 U.S.C. § 1325(a)(5) for surrender.

### ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, the Bank's motion to deny confirmation is **SUSTAINED**, and confirmation of the Debtor's proposed chapter 13 plan is **DENIED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 11th day of February, 2014.

7